Commonwealth v. Morganfield & Atlanta R. R. Co.

---

CASE 26.—PROSECUTION AGAINST THE MORGANFIELD AND ATLANTA RAILROAD CO. FOR A PUBLIC NUISANCE IN OBSTRUCTING A PUBLIC HIGH-WAY.—April 10.

## Commonwealth v. Morganfield & Atlanta R. R. Co.

Appeal from Webster Circuit Court.

J. W. Henson, Circuit Judge.

From a judgment sustaining a demurrer to the indictment the commonwealth appeals.  Affirmed.

Railroads — Public Nuisance — Prosecution — Indictment — Sufficiency.—An indictment against a railroad, charging it with

Commonwealth v. Morganfield & Atlanta R. R. Co.

obstructing a public road by an embankment raised in the course of making a crossing over the road, was demurrable, where it did not allege that the obstruction was permitted or maintained for any unnecessary or unreasonable length of time.

S. V. DIXON Commonwealth Atty. 5th Dist. for Appellant.

### AUTHORITIES CITED.

Illinois Central R. R. Co. v. Comth. of Ky., 20 Ky. Law Rep., 116; Comth. of Ky. v. Illinois Central R. R. Co., 20 Ky. Law Rep., 608; Comth. of Ky. v. American T. and T. Co., 27 Ky. Law Rep., 29.

2. Statement of facts, and time of Common nuisance. (White v. Comth. of Kentucky, 9 Bush, page 180; Comth. of Ky., v. Illinois Central R. R. Co., 20 Ky. Law Rep., 608; Comth. of Ky. v. American T. and T. Co., 27 Ky. Law Rep., 29; L. and N. R. R. Co. v. Comth. of Ky., 25 Ky. Law Rep., 1454; Comth. of Ky., v. Illinois Central R. R. Co., 26 Ky. Law Rep., 673; The Cincinnati R. R. Co. v. Comth. of Ky., 80 Ky., page 138; Paducah and Elizabethtown R. R. Co. v. Comth. of Ky., 80 Ky., p. 148; Comth. of Ky. v. Conner, 2 Ky. Law Rep., 59.)

(No brief for appellee.)

OPINION OF THE COURT BY JUDGE O'REAR— Affirming.

The circuit court sustained a demurrer to the following indictment, and the commonwealth has appealed: ''The grand jury of Webster county, in the name and by authority of the commonwealth of Kentucky, accuse the Morganfield & Atlanta Railroad Company, a corporation, of the offense of unlawfully creating, suffering, permitting, and maintaining a common public nuisance by obstructing the public road leading from the Providence and Clay road to Lisman, near Widow White's, committed in manner and form as follows, to-wit: The said Morganfield

& Atlanta Railroad Company, a corporation, on the 1st day of July, 1906, and divers other and continuous days just prior thereto, and before the finding of this indictment, in the said county of Webster, did unlawfully create, suffer, permit, and maintain a public common nuisance at a point where its railroad track and bed crosses the public dirt road on its right of way running from Providence and Clay road to Lisman, near Widow White's premises. The said public road was first established by law, and used by the public as a public road until said day and to the present time, and the said railroad in making and causing said public road to be crossed the said railroad threw up an embankment about eight feet high, with steep and abrupt approaches and abutments, more narrow than the public road, and insufficient in width to permit and allow a person in vehicle to pass another on said embankment and approaches, and which caused the water to accumulate in great and unusual quantities, and flow across one of the approaches on the right of way of said railroad over said public road, and cause the said public dirt road to wash until there is a big ditch across said public road at this crossing, all to the common public nuisance of those persons traveling, passing, repassing, and having the right to pass, repass, and travel said public dirt road at said crossing, and to the common nuisance of the whole public, and of great inconvenience and trouble to said persons—against the peace and dignity,'' etc.

The point of the demurrer is that the indictment fails to charge that the obstruction complained of was permitted or maintained for an unnecessary or unreasonable length of time. We agree with the circuit court that the point was well taken. The granting

of a charter to a railroad company is deemed a consent by the state for the railway to cross highways at suitable grades, and necessarily includes the grant of the right to enter upon the highway and to change its grade for that purpose. To do the required work, though done ever so skillfully, might necessitate the highway being obstructed for a while. But the railway company is bound to repair and to replace the highway in a suitable state for travel with no more delay than may be necessary. As, therefore, the railway company is licensed by the state to go upon the highway, and to disturb it for such length of time as may be reasonable and necessary to make the requisite alterations in the grade to conform it to the grade of the railroad track, an indictment which charges the railroad company with maintaining and suffering a nuisance in permitting the grade crossing to be impassable must charge that it was so for an unreasonable and unnecessary length of time. This may be charged in terms, or by so stating the time that the lack of necessity and reason for the obstruction will be apparent.

Judgment affirmed.